**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 13-20806-CIV-WILLIAMS/SIMONTON**

**LUXOR AGENTES AUTONOMOS DE**
**INVESTIMIENTOS, LTDA.,**

       **Plaintiff,**

**v.**

**IRACI ROMAO DE OLIVEIRA,**

       **Defendant.**

_____/

**ORDER FOLLOWING DISCOVERY CONFERENCE**

This matter is before the Court following an informal discovery conference.  The Honorable Kathleen M. Williams, United States District Judge, has referred all discovery matters to the undersigned Magistrate Judge (DE ## 21, 24).  Plaintiff noticed this discovery hearing to compel Defendant Iraci Romao de Oliveira to appear for a deposition and to recover the attorney's fees and costs associated with this discovery issue.  (DE # 32).  At the informal discovery hearing held on May 21, 2014, the Court ruled on the parties' discovery disputes, stating the reasons for the rulings on the record.  This Order sets forth the rulings and incorporates by reference the reasons stated at the hearing.

Plaintiff's counsel noted that Oliveira had been properly noticed for a deposition set for April 24, 2014.  On April 23, 2014, Plaintiff's counsel was notified that Oliveira would not attend the deposition because traveling to Miami for the deposition was cost-prohibitive.  Plaintiff attempted to re-schedule the deposition in Portugal where Oliveira lives, but Defendant would not agree to a date for that deposition.  Plaintiff argued that the Court should compel Oliveira to appear for a deposition on or before June 5, 2014, so

that her deposition occurred sufficiently in advance of the dispositive motions deadline; and, require Defendant to reimburse Plaintiff for the both attorney's fees associated with this discovery issue as well as the fees incurred in preparing for a deposition that had been set for August 28, 2013, which had been canceled at the Defendant's request. In response, defense counsel, Roberto Villasante, who became attorney of record for Oliveira on May 1, 2014 (DE # 34), stated that he could produce her for a deposition between June 16 and June 30 when the Defendant planned to be in Miami. The Court finds Plaintiff's request for an Order compelling Oliveira to appear for a deposition and for attorney's fees is well taken. Oliveira has, without justification or explanation, failed to sit for a deposition in this matter. As a result, the Court will compel her to appear for a deposition at the law offices of Akerman, LLP in Miami, Florida, on June 5, 2014, at 10:00 a.m.[1] If she fails to attend that deposition, Oliveira will be subject to an entry of default against her for failing to comply with the Court's Order. The Court will also grant Plaintiff's request for attorney's fees and costs associated with the cancellation of Oliveira's deposition on April 23, 2014 and the efforts to compel and re-set that deposition. The costs incurred in connection with that cancelled deposition, the attorney's fees incurred in compelling the re-set deposition and any excess attorney's fees incurred in preparing for the re-set deposition are awarded to Plaintiff.[2] The parties shall meet and confer following her re-set deposition and determine the reasonable

---

[1]The Court finds that a brief extension of the discovery cut off is necessary to allow the parties to coordinate and complete Oliveira's deposition.

[2]The undersigned declines to award fees in connection with the August 2013 deposition, finding the request for fees to be untimely, and not specifically noticed for a hearing.

amount of excess attorney's fees incurred by Plaintiff.[3]  Plaintiff shall file a request for an award of those fees within thirty days of Oliveira's deposition.

Although defense counsel did not notice it for the discovery hearing, Mr. Villasante asked the Court to consider a dispute that had arisen involving discovery he served on Plaintiff on April 23, 2014.  Plaintiff's counsel had refused to respond to those discovery requests or produce a corporate representative for a deposition because Mr. Villasante's requests had been promulgated and served before he became Oliveira's attorney of record in this case.  The Court found that Plaintiff was not required to respond to those discovery requests given that Mr. Villasante was not the attorney of record at the time he served the requests, Oliveira's existing counsel had not consented to those discovery requests at the time, and Plaintiff had opposed the request to substitute Mr. Villasante as the attorney of record, which was still pending.  The Court will, however, allow Mr. Villasante to identify specific, narrowly tailored discovery requests, related only to matters at issue in this case, that he seeks to have Plaintiff answer.  Plaintiff shall respond to those requests on or before June 4, 2014.  The Court directed the parties to confer, in person, following the hearing, on which of the discovery requests Plaintiff will answer.   In addition, the parties shall schedule the deposition of Plaintiff's corporate representative to occur on or before May 26, 2014.   The parties, by mutual agreement, may conduct that deposition after the discovery deadline.  This ruling is not intended to serve as a basis for an extension of any other deadline established in

---

[3]At least some, if not most, of the preparation time for the April 24, 2014, deposition should be useful in connection with the rescheduled deposition.

this case.

      **DONE AND ORDERED** in Miami, Florida, on May 21, 2014.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
      The Honorable Kathleen M. Williams
      Counsel of Record